UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEO ADAMS,

       Plaintiff,                    CIVIL ACTION NO. 06-CV-10776-DT

      v.                            DISTRICT JUDGE ARTHUR J. TARNOW
                                    MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*    \*    \*

Plaintiff filed an application for Social Security disability insurance benefits on October 16, 2002, alleging that he had become disabled and unable to work on March 1, 2002, at age 39, due to severe left shoulder pain. Benefits were denied by the Social Security Administration. A requested <u>de novo</u> hearing was held on January 13, 2005, before Administrative Law Judge (ALJ) John L. Christensen. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work. The ALJ restricted claimant from climbing any ropes, ladders or scaffolds. The Administrative Law Judge also found that Plaintiff was unable to use his left arm for work above shoulder level, or to lift more than five pounds. The ALJ further restricted the

claimant from using power or vibrating tools and from performing overhead work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 42 years old at the time of the administrative hearing (TR 45). He had been graduated from high school, and had been employed during the relevant past as a fork lift driver for General Motors (TR 62). As a fork lift operator, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 25 pounds on a regular basis (TR 62). Claimant was put on light duty after injuring his left shoulder at work, but he was laid off in March 2002 (TR 160, 162). Plaintiff testified that he was not able to return to work because pain relief medications (Motrin) made him sleepy (TR 163). The claimant explained that he experienced severe pain in his left shoulder despite undergoing two operations (TR 164). While Plaintiff could still lift a gallon of milk with his left arm, he was limited in his ability to perform household chores and grocery shop (TR 163, 166).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as heavy, unskilled activity (TR 82). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 171). If he were capable of light work, however, there were numerous unskilled cashier, assembly, and file clerk jobs that he could perform with minimal vocational adjustment (TR 170). These jobs did not require any

---

[1]The witness opined that claimant's alleged need to lie down would preclude all work activity (TR 171-172).

climbing, overhead work or lifting more than 5 pounds on a regular basis.  The jobs did not involve using power, impact, torque or vibrating tools (TR 170).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was   impaired as result of left shoulder pain, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's left shoulder impairment prevented him from performing any climbing of ladders, ropes or scaffolding, and that he was unable to use power, vibrating, impact or torque tools. The Law Judge found that Plaintiff could not perform any overhead work or lift more than 5 pounds with his left hand.  Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff contended before the Law Judge that substantial evidence did not exist on the record that he remains capable of performing a limited range of light work activity.  He also argued  that the ALJ should have adopted the findings of his treating doctor that he could not lift, push or pull more than 2 pounds with his left arm. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his left shoulder pain.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work.  Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling left shoulder pain.

Dr. Jerome Ciullo performed two operations on claimant's left shoulder in September 2002, and again a year later.  Following the second surgery, the treating doctor authorized Plaintiff to return to work provided that he did not perform any pushing, pulling or lifting greater than 2 pounds. Dr. Ciullo also restricted claimant from working above shoulder

4

level, performing overhead activity and using power, impact, torque or vibrating tools (TR 105). By December 2003, however, the surgeon had removed most of the work restrictions, but still cautioned Plaintiff against heavy lifting and using power/vibrating tools (TR 101). Dr. Ciullo allowed the claimant to return to full time work in January 2004 (TR 104).

Contrary to Plaintiff assertion, the ALJ did not ignore the work restrictions of Dr. Ciullo. Even though some of these work restrictions were placed upon the claimant while he recovered from his two shoulder surgeries, the ALJ largely incorporated the limitations into his residual functional capacity determination. The ALJ's decision was, therefore, consistent with the specific limitations imposed by the treating physician. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his left shoulder condition was not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions[2]. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled cashier, assembly, and file clerk jobs that he could perform with minimal vocational adjustment (TR 170). These jobs did not require any climbing, overhead work or lifting more than 5 pounds on a regular basis.  The jobs did not involve using power, impact, torque or vibrating tools (TR 170).  Given the objective clinical findings of the treating physician, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

_____

[2]The Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by his shoulder pain. There was no medical evidence supporting Plaintiff's assertion that he needed to lie down for extended periods of time to relieve chronic fatigue.  The VE testified that  the majority of the **jobs identified** did not require extensive use of the left arm or the use of power tools (TR 170). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: July 31, 2006

---

### CERTIFICATE OF SERVICE

I hereby certify on July 31, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 31, 2006. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217